CASE No. 914.

HOLMES & CALDER v. COUNTY OF CHARLESTON.

1. Where the legislature provided a special mode of ascertaining the indebt- edness of Charleston county, declaring that claims then in judgment should be proven without regard to the judgment, and that no costs should be charged against the county in such proceedings—*Held*, that a creditor establishing his claim then in judgment, was not entitled to the costs of the judgment or the costs of the proceedings under this act.
2. An open account audited by a board of county commissioners does not draw interest from the date of the audit.

Before FRASER, J., Charleston, July, 1879.

Petition under act of 1878, (16 *Stat.* 695), to establish a judg- ment, based upon an audit by the county commissioners of an open account. The audit fixed the amount of the claim, but not the date of payment. The case is fully stated in the opinion. Under their grounds of appeal, the plaintiffs claimed interest from the audit, interest on the judgment, and the costs of the judgment and of this proceeding.

*Mr. J. B. Cohen,* for appellants.

*Mr. J. E. Burke,* contra.

September 6th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. The petitioners were creditors of Charles- ton county, and had obtained judgment on their claim; others had also obtained judgments against the county. Controversy arose as to the *bona fides* of many of the claims upon which judgments had passed, and, by consent of all parties interested, the general assembly passed an act "to provide for funding the debt of Charleston county," &c. 16 *Stat.* 695. Section 10 of that act provides as follows: "That in case any person holding

a claim against the county of Charleston, which has been passed upon by the said commissioners, and has been disallowed by them in whole or in part, shall be dissatisfied with such finding, it shall be lawful for such person, by petition to the Court of Common Pleas for Charleston county, within twelve months after the passage of this act, to bring such finding before the court, whereupon the said court may proceed to the matters of said petition and the proceedings thereunder, or may refer the same to a master of the court, or a special referee, upon whose report the same may be heard and determined. * * * And provided also, that in such proceedings the claimant shall be required to prove his claim, notwithstanding that he may already have obtained judgment thereon, and without regard to said judgment; provided further, that no costs shall be charged against the county in such proceedings."

The claim of the petitioners was one of those "passed upon" by the commissioners referred to in the act and proved in full, but neither the costs of obtaining the judgment nor interest on the demand were allowed, and the petitioners, "dissatisfied with such finding," filed this petition under the section above cited to correct the alleged error. The questions of law and fact were referred to Master W. D. Porter, who reported against the claim, and recommended that the petition be dismissed. The Circuit Court confirmed the master's report, and from his order the appeal comes to this court.

From the view which this court takes it will not be necessary to consider all the points made in the exceptions. The act of 1878 furnished a special mode of proceeding to settle the indebtedness of Charleston county as it stood before any judgments were obtained, and not as the debts might be increased by costs in obtaining these judgments. Those who availed themselves of the machinery of the act, in recovering their claims, accepted all the terms and provisions of the act. The section under which this proceeding was instituted provides that "in such proceeding the claimant shall be required to prove his claim, notwithstanding that he may already have obtained judgment thereon, *and without regard to said judgment.*" The petitioners, by availing themselves of the remedy provided, elected to give up all the

rights they might suppose they had under the judgment. They cannot get what the act gives, without regard to the judgment, and then fall back on their rights under the judgment. The claim, as it stood before judgment, was the matter referred to the commissioners. It was an account against the county of Charleston for $267.82. The commissioners were not authorized to add to that account the costs incurred in obtaining the judgment or in the appeal from the order setting it aside. As we understand it, the object of the legislature in passing the act was to relieve the settlement of the county claims from the complications produced by the judgments, which, for that reason, were carefully excluded from consideration by the terms of the act, and to pay the true and *bona fide* indebtedness of the county, as if no judgments had been obtained.

The demand was an open account, which did not bear interest, and we cannot say that the commissioners erred in not allowing it.

The order below is affirmed and the appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.